**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| ALEXANDER N. ROBINSON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 13-740 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 17, 20 |
| | : | | |
| CAS 4000 KANSAS LLC *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT; AND
GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

## I.  INTRODUCTION

This action arises out of Plaintiff's four-count complaint against Defendants, CAS 4000

Kansas LLC ("CAS 4000") and Change All Souls Development Inc. ("CASDI").  In Counts I

and II, Plaintiff alleges that Defendants violated the Fair Labor Standards Act ("FLSA") and the

District of Columbia Minimum Wage Act ("DCMWA"), respectively, for failing to pay Plaintiff

the minimum wage and overtime wages.  In Counts III and IV, Plaintiff claims wrongful eviction

and breach of contract under D.C. law.  Defendants have moved for judgment on the pleadings.

*See generally* Defs.' Mot. J. Pleadings, ECF No. 17.  Plaintiff has moved to amend his

complaint.  *See generally* Pl.'s Mot. Am. Compl., ECF No. 20.[1]  For the reasons set forth below,

the Court will grant Plaintiff leave to amend his complaint.  However, because Plaintiff's

amended complaint does not change most of the claims from his original complaint, the Court

---

[1] Plaintiff erroneously docketed this pleading as an Amended Motion for Appointment of
Commissioner and Issuance of Letters Rogatory.

will grant Defendants judgment on the pleadings on Plaintiff's claims for Wrongful Eviction and Breach of Contract.

## II.  MOTION TO AMEND COMPLAINT

Plaintiff has moved to amend his complaint in order to add a defendant and plead additional facts supporting his theory under the FLSA that the various entities he sues operated as a "single enterprise employer."  Pl.'s Mot. Am. Compl., ECF No. 20.  Defendants have opposed such amendment.  *See* Defs.' Opp'n Mot. Am. Compl., ECF No. 22.  For the reasons set forth below, leave to amend is granted and the amended complaint Plaintiff has lodged on the docket, *see* Notice, ECF No. 24, is deemed the operative complaint in this action.

Under Rule 15(a), if a plaintiff seeks leave to amend the complaint more than 21 days after a responsive pleading has been filed, he must seek consent from the defendants or leave from the Court.  *See* Fed. R. Civ. P. 15(a); *Virtue v. Int'l Bhd. of Teamsters Ret. & Family Prot. Plan*, 893 F. Supp. 2d 46, 47–48 (D.D.C. 2012).  Leave to amend "should [be] freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This Circuit has held that "it is an abuse of discretion to deny leave to amend unless there is sufficient reason . . . ."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam).  To that end, "the non-movant generally carries the burden in persuading the court to deny leave to amend."  *Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004).  In deciding whether to allow a party to amend a complaint, courts may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants oppose amendment on the bases that the motion is untimely, amendment is not in the interests of justice, amendment will result in delay, and amendment would be futile. None of these arguments carry the day.

Jurisdiction in this Court is based on federal question jurisdiction due to the FLSA claims. *See* 28 U.S.C. § 1331. All other claims are state law claims over which Plaintiff requests that this Court exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367. As set forth below, Plaintiff presses his FLSA claims based on an enterprise theory. As also set forth below, in order to proceed under such theory, Plaintiff must establish that his employer, either individually or as a "single enterprise employer," surpasses a dollar amount threshold of "annual gross volume of sales made or business done over $500,000." *See* 29 U.S.C. § 203(s)(1)(A). If Plaintiff fails to meet this threshold, his FLSA claim will fail and this Court would decline supplemental jurisdiction over his state law claims. Thus, this Court believes that justice requires that Plaintiff be given an adequate opportunity to prove this Court's federal jurisdiction. Plaintiff has raised sufficient evidence of the Defendant entities' intertwined relationships to justify being given a chance to prove his claims. And, because Plaintiff moved to amend his complaint within three months of filing his original complaint, although technically untimely under the original scheduling order, such amendment will not result in unreasonable delay and will not prejudice defendants.[2]

Accordingly, the Court grants Plaintiff's motion to amend his complaint. As set forth below, amendment of the complaint will moot some of Defendants' arguments concerning the FLSA claims (and the parallel D.C. Minimum Wage Act claims). However, because the

---

[2] Defendants had argued that they would be prejudiced by the addition of a new claim under the "D.C. Wage and Hour Law," but when Plaintiff ultimately filed his proposed amended complaint, his claim pursuant to the D.C. Minimum Wage Act Revision Act of 1992 appears to be unchanged.

amended complaint does not appear to change many of Plaintiff's other claims, the Court will

address those arguments contained in Defendants' motion for judgment on the pleadings that

remain applicable after amendment.

### III.  MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants have moved for judgment on the pleadings on all four counts of Plaintiff's

complaint.  *See generally* Defs.' Mot. J. Pleadings, ECF No. 17.  Because some of these Counts

are affected by the amendment of Plaintiff's complaint, each count is addressed separately.

### A.  FLSA (Count I)

Defendants move for judgment on the pleadings of Plaintiff's FLSA claims based on four

arguments:  (1) CAS 4000 and CASDI are not joint employers; (2) these entities, either jointly or

individually, are not an enterprise engaged in commerce or in the production of goods for

commerce; (3) these entities, either jointly or individually, do not have an annual gross volume

of sales greater than $500,000; and (4) plaintiff was not an employee engaged in commerce.

Each argument is addressed in turn.

#### 1.  Whether CAS 4000 Kansas and CASDI are joint employers

Defendants argue that defendants CAS 4000 and CASDI are not joint employers under

the FLSA.  Plaintiff's amended complaint adds a third defendant and additional factual

allegations on this point.  Accordingly, the Court finds that this argument is moot in light of the

amended allegations.  Moreover, Defendants' argument relies on denials contained in their

answer, which cannot be relied upon in a motion for judgment on the pleadings (which requires

application of the same standard as applied under Rule 12(b)(6)).  *See, e.g.*, *Stith v. Chadbourne

& Parke, LLP*, 160 F.Supp.2d 1, 10 (D.D.C. 2001) ("The standard of review on a motion for

judgment on the pleadings is 'virtually identical' to the standard of review on a motion to

dismiss."); *see also Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007)

(holding that, in deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in

the complaint, documents attached to the complaint as exhibits or incorporated by reference, and

matters about which the court may take judicial notice).  Accordingly, even absent an amended

complaint, the Court would be disinclined to grant judgment on the pleadings based on this

record.  Given that the discovery period is nearly complete, the Court finds that this issue is more

appropriately decided based on a full factual record at the motion for summary judgment stage.

2.  Whether Defendants, either jointly or individually, are an enterprise "engaged in commerce or

in the production of goods for commerce"

Defendants next argue that Plaintiff's FLSA claim fails because they do not engage in

commerce as required by the statute.  However, Defendants' argument fails because they rely

upon law concerning individual coverage, not enterprise coverage, and Defendants focus on the

wrong prong of the applicable enterprise clause (*i.e.*, handling goods rather than materials).

Pursuant to the FLSA's wage provisions, an employee may assert coverage through an

"enterprise theory of coverage" or through an "individual theory of coverage."  *See* 29 U.S.C.

§ 207(a)(1); *see, e.g.*, *Malloy v. Ass'n of State & Territorial Solid Waste Mgmt. Officials*,

No. 13-cv-187, 2013 WL 3835775, at *1 (D.D.C. July 26, 2013) (citing *Tony & Susan Alamo*

*Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985)).  Enterprise coverage extends to "an

enterprise engaged in commerce or in the production of goods for commerce."  *See* 29 U.S.C.

§ 207(a)(1).  Under individual coverage, an employee must demonstrate he or she "engaged in

commerce or in the production of goods for commerce" while employed for the employer.  *See*

*id.*  Although it is not perfectly clear which theory the Plaintiff invokes, given the amended

complaint's allegations concerning gross income and specific references to the parts of the

statute pertaining to enterprise coverage, *compare* Am. Compl. ¶¶ 16–17, ECF No. 24, *with* 29

U.S.C. § 203(s), the most plausible reading of the amended complaint is that Plaintiff proceeds

on an enterprise theory.

Under enterprise coverage, the FLSA applies to an employer "engaged in commerce or in

the production of goods for commerce." *See* 29 U.S.C. § 203(s). Thus, Plaintiff must establish

that Defendants are (1) an employer under the FLSA and (2) engaged in commerce. Plaintiff

alleges that CAS 4000 and CASDI (and now Change All Souls Housing Corp.) are joint

employers because, *inter alia*, they share the same office, the same staff, and maintain common

accounting and financial record-keeping. *See* Am. Compl. ¶¶ 6–14.

To establish enterprise liability, the FLSA provides a two-part test. An "enterprise

engaged in commerce or in the production of goods for commerce" falls under FLSA provisions

if it:

> (i) has employees engaged in commerce or in the production of goods for
> commerce, or that ***has employees handling***, selling, or otherwise working on
> goods or ***materials that have been moved in*** or produced for ***commerce by any
> person***; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is
> not less than $500,000 . . . .

29 U.S.C. § 203(s)(1)(A) (emphases added); *see also Brennan v. S & M Enters.*, 362 F. Supp.

595, 598 (D.D.C. 1973), *aff'd without opinion*, 505 F.2d 475 (D.C. Cir. 1974).

Defendants argue that Plaintiff's allegations do not meet this standard because Plaintiff,

who provided on-site maintenance at a local residential building, does not work for an enterprise

engaged in commerce as that concept has been defined by the relevant case law. But Defendants

primarily rely on *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006),

which is a case involving individual coverage, not enterprise coverage. *See id.* at 1255 n.1.

Moreover, Defendants' analysis of the Department of Labor's FLSA regulations, and the

arguments they press as a result, focuses on the definition of *goods*, but entirely ignores the more relevant *materials* clause.

When one properly focuses on the enterprise provisions, in particular the materials clause, it is clear that even an employee in Plaintiff's position can work for a covered enterprise, assuming it meets the dollar volume threshold. *See, e.g.*, *Dole v. Odd Fellows Home Endowment Bd.*, 912 F.2d 689, 695 (4th Cir. 1990) (elderly residents' home that employed individuals who handled materials that moved in interstate commerce while serving food to residents, washing their laundry, or cleaning, can be covered enterprise); *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 88–89 (E.D.N.Y. 2010) (church who employed custodians that, in the course of operation, consumed cleaning products purchased locally but which had previously moved in interstate commerce can be covered enterprise); *Jones v. Cadillac Condo. Ass'n*, No. 88-A-1855, 1989 WL 49156 (D. Colo. May 10, 1989) (defendant who employed maintenance men who lived on the grounds and used light bulbs, cleaning chemicals, paints, nails, screws, and other materials which moved in interstate commerce and were consumed in the course of defendant's operations can satisfy enterprise test). In fact, the Eleventh Circuit itself has persuasively distinguished *Thorne* based on the *materials* analysis that eluded Defendants here. *See Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220–21 (11th Cir. 2010). And, given the lack of manufacturing in the District of Columbia and the nature of the custodial duties that Plaintiff is alleged to have performed, the Court may infer that, in the course of his duties, he consumed materials that had traveled in interstate commerce. *See Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 121 (E.D.N.Y. 2011); *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 530–31 (S.D.N.Y. 1998). Accordingly, Plaintiff's motion for judgment on the pleadings fails in this respect.

3. Whether Defendants have an annual gross volume of sales greater than $500,000

Defendants further argue that Plaintiff's FLSA claim fails because he cannot establish that Defendants meet the dollar threshold required for enterprise coverage under the statute. Defendants' argument is not frivolous and they point to documentation that supports their argument. However, the Court cannot rely upon this information external to the complaint in assessing a motion for judgment on the pleadings. Plaintiff has alleged that Defendants meet the threshold[3] and the Court, for purposes of this motion, assumes the truth of that allegation. Of course, he will have to prove it at the motion for summary judgment stage. But for now, Defendants' motion for judgment on the pleadings is denied on this point.

4. Whether Plaintiff was an employee engaged in commerce

As set forth above, a plaintiff alleging a FLSA violation can establish coverage either under an enterprise theory or an individual theory. In an abundance of caution, defendants argue that, if Plaintiff seeks to establish coverage under an individual theory, his claim would fail because he was not engaged in commerce. As set forth above, the Court deems that the most reasonable reading of Plaintiff's amended complaint is that he *only* pursues coverage under an enterprise theory. If Plaintiff pursued coverage under an individual theory based on the current record, he would have a much more difficult argument to make. *See, e.g.*, *Thorne.*, 448 F.3d. at 1266; *Lehman v. Teamsters Retiree Hous. of Janesville, Wis., Inc.*, No. 09-cv-288-slc, 2010 WL 1729880 (W.D. Wis. Apr. 27, 2010) (finding that the "duties of on-site manager for residential

---

[3] Plaintiff has alleged that Defendants' "total gross income exceeded $100,000.00 (one million dollars)." Of course, a total gross income of $100,000.00 would not meet the statutory threshold of $500,000. Although Defendants pointed out this pleading defect in their motion for judgment on the pleadings, Plaintiff failed to correct it in his Amended Complaint. But reading the complaint in the light most favorable to Plaintiff, the Court relies upon the "one million dollars" allegation (although, because that number is more than necessary under the relevant statute, it appears Plaintiff was confused as to what the statute required).

apartment complex were primarily local in nature and consisted mostly—indeed almost exclusively—of intrastate activity"); *Locke*, 690 F. Supp. 2d at 90–91 (custodian in church did not meet individual coverage). However, because the Court does not read the amended complaint to raise an individual coverage claim, it need not decide the issue.

## B. D.C. Minimum Wage Act (Count II)

Based on the proposition that the District of Columbia has construed the DCMWA consistent with the FLSA, Defendants repeat their FLSA argument that they are not joint employers under the DCMWA. But, as set forth above in the context of the FLSA, the Court determines that the new allegations in the amended complaint moot this issue and further holds that this issue is more appropriately decided based on a full factual record at the motion for summary judgment stage.

## C. Wrongful Eviction (Count III)

Defendants argue that Plaintiff fails to state a claim for wrongful eviction under District of Columbia law. Defendants argue that, because Plaintiff received his apartment as partial compensation for his duties as on-site property manager, he does not meet the definition of tenant under D.C. law and, thus, he was not entitled to advance notice to quit depriving him of a viable wrongful eviction claim. *Anderson v. William J. Davis, Inc.*, 553 A.2d 648 (D.C. 1989). Plaintiff counters this argument by relying upon an unsigned Relocation Agreement that refers to Plaintiff as a tenant. But Plaintiff acknowledges that the agreement was never executed. *See* Am. Compl. ¶ 45.[4] Accordingly, Plaintiff's argument does not effectively rebut Defendants' contention that Plaintiff was not a tenant, and the Court accordingly grants judgment on the pleadings on Plaintiff's wrongful eviction claim.

---

[4] Plaintiff also refers to IRS Forms 1099 and W-2 as evidencing his rental payments. But this reliance appears misplaced as these documents would reflect his income, not his payments.

## D.  Breach of Contract (Count IV)

Defendants further argue that Plaintiff fails to state a claim for breach of contract because

he fails to plead the existence of a valid contract.  Defendants argue that Plaintiff does not

identify any consideration or mutuality of obligation in support of the alleged contract to relocate

plaintiff.[5]  Plaintiff did not respond to this argument.  As such, it is deemed conceded and

judgment on the pleadings is granted on the breach of contract claim.  *See Nat'l Sec. Counselors*

*v. C.I.A.*, 898 F. Supp. 2d 233, 268 (D.D.C. 2012) ("[T]he Court may treat the plaintiff's failure

to oppose the defendant's . . . arguments as a decision to concede those arguments." (internal

citations omitted)); *see also* D.D.C. Civ. R. 7(b) (party's failure to oppose a motion may be

treated as conceded by the Court).

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to file an

amended complaint.  However, because the amended complaint fails to correct certain defects,

the Court will grant Defendants' motion for judgment on the pleadings as to Counts III and IV.

The Court will deny Defendants' motion for judgment on the pleadings as to Counts I and II.  An

order consistent with this Memorandum Opinion is separately and contemporaneously issued.


Dated:  December 16, 2013                                   RUDOLPH CONTRERAS
                                                            United States District Judge

---

[5] Defendants argue that oral statements "regarding job security" to an employee who is already working require additional consideration beyond continued employment.  But it is not clear that a promise to relocate, because it inherently involves a decision about where one lives, is simply an oral statement regarding job security.